NOT FOR PUBLICATION                               (Docket No. 10)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                    :
RAYQUAN RAMONE BROWN,               :
                                    :
            Plaintiff,              :   Civil No. 05-2824 (RBK)
      v.                            :   **OPINION**
                                    :
GARY MERLINE, et al.,               :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion of Defendants Officer Mascio, et al. ("Defendants"), for summary judgment of the claims of Plaintiff Rayquan Ramone Brown ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("Rule") 37, for Plaintiff's failure to provide answers to interrogatories, to respond to Defendants' notice to produce, and to cooperate during his deposition.[1] For the reasons set forth below, Defendants' motion shall be denied.

**I.   Background**

Plaintiff, presently an inmate at Atlantic County Justice Facility in Mays Landing, New Jersey, submitted the above-captioned complaint to this Court on June 2, 2005, alleging that

---

[1] As an initial matter it should be noted that Rule 37 provides for dismissal, not summary judgment. Accordingly, Defendants' motion shall be treated as a motion to dismiss.

several prison officers assaulted him on March 20, 2005. This Court granted Plaintiff's application to proceed in forma pauperis on June 14, 2005.

Defendants provided Plaintiff with interrogatories and a request for documents on September 12, 2005, and subsequently moved to take Plaintiff's deposition as required by Rule 30(a)(2). Magistrate Judge Ann Marie Donio granted Defendants' motion on October 25, 2006, and Defendants' counsel appeared for Plaintiff's deposition on November 30, 2005, at the prison facility where Plaintiff is housed. Plaintiff physically attended the deposition, however, he declined to answer questions, asserting instead, "I choose to remain silent because I am in the present going to have a lawyer represent this case." (Pl. Dep., Defs. Mot. Summ. J., Ex. B. ("Pl. Dep."), at 5:5-6.) Plaintiff also acknowledged that he deliberately failed to respond to Defendants' interrogatories and request for production, similarly in exercise of his "right to remain silent." (Pl. Dep. 6:4-14.) Defendants' counsel informed Plaintiff that such refusal could result in dismissal of his case, and Plaintiff confirmed that he understood. (Pl. Dep. at 4:19-24, 6:15-20.)

Defendants filed the present motion to dismiss on December 20, 2005. Plaintiff has not opposed Defendants' motion, and as of the date of this Opinion, Defendants have not filed any motions to compel discovery or to otherwise mandate Plaintiff's

deposition testimony.

**II. Analysis**

Defendants argue that Plaintiff's refusal to cooperate with the scheduled deposition and to respond to interrogatories and Defendants' request for production justifies summary judgment in their favor. It is well established, however, that failure to answer interrogatories or testify at a deposition, in itself, is not an adequate basis for disposition of a case.[2]

The Third Circuit considers "dismissals [] an extreme sanction" usually reserved for situations involving "flagrant bad faith." Estate of Spear v. Commissioner of Internal Revenue Serv., 41 F.3d 103, 112 (3d Cir. 1994). Such sanctions may be appropriate either where a party fails to attend his own deposition, as provided in Rule 37(d), or where there exists a preexisting court order to testify, produce documents, or respond to interrogatories pursuant to Rules 37(a) and 37(b). Fed. R. Civ. P. 37.

Because Plaintiff physically presented himself for his deposition, it cannot be said that he failed to appear for Rule 37(d) purposes. This is true regardless of Plaintiff's refusal to

---

[2] In support of their argument for judgment, Defendants present only the Ninth Circuit's unpublished decision in Woods v. Davis, 988 F.2d 127 (9th Cir. 1993), and Richardson v. Lombardi, 793 S.W. 2d 226 (Mo. Ct. App. 1990). Any persuasiveness evinced by these cases is vastly outweighed by more authoritative, published circuit court cases supporting the contrary proposition.

testify. Estrada v. Rowland, 69 F.3d 405 (9th Cir. 1995) (holding that attending, but declining to answer questions at a deposition does not amount to "a 'failure to appear' for the purposes of Rule 37(d)"); Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (holding same); R.W. Int'l Corp., 937 F.2d at 15 n.2 ("'[F]ailure to appear' for a deposition is strictly construed and Rule 37(d) sanctions apply only when a deponent literally fails to show up for a deposition session.").

Although the Third Circuit has not directly addressed the issue, there is a general consensus amongst other Circuits that where, as here, a party attends its deposition but declines to testify, "the proper remedy is a court order to testify under Rule 37(a), and not dismissal under Rule 37(b)(2)(C)." Estrada, 69 F.3d 405; SEC v. Research Automation Corp., 521 F.2d 585, 589 (2nd Cir. 1975) ("Where a defendant does in fact appear physically for the taking of his deposition but refuses to cooperate by being sworn in and by testifying, the proper procedure is first to obtain an order from the court."). Seeking immediate dismissal without a preexisting court order is "tantamount to a ball player sprinting from second base to home plate, without bothering to round, let alone touch, third base." R.W. Intern. Corp., 937 F.2d at 15; but see Black Horse Lane Assoc. v. Dow Chem. Corp., 228 F.3d 275, 302 (3d Cir. 2000) (distinguishing situation where the uncooperative deponent is a

4

corporate party's Rule 30(b)(6) designated witness).

Similarly, absent a preexisting order to compel, the sole recourse of a party seeking interrogatories or production of documents is to obtain a court order pursuant to Rule 37(a). Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia, 248 F.3d 29, 33 (1st Cir. 2001) ("[Rule 37's] language clearly requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before the enumerated sanctions can be imposed.") (quoting R.W. Intern. Corp., 937 F.2d at 15).

Judge Donio's Order of October 25, 2005, granting Defendants' motion for leave to take Plaintiff's deposition, does not constitute an order to testify, to respond to interrogatories, or to produce documents. See, e.g., Penton v. Green, 2006 WL 1147241, *1 (8th Cir. 2006) (reversing dismissal because settlement order does not constitute "contemporaneous warning from the district court alerting [plaintiff] that failure to answer the deposition questions could result in dismissal"); R.W. Int'l Corp., 937 F.2d at 16 (holding "Scheduling Order's general instructions on the scope of discovery" did not constitute order compelling deponent to testify). Nothing in the language of the October 25, 2005, Order enjoins Plaintiff to answer questions or serves any purpose other than authorizing the

5

deposition of an incarcerated individual. Defendants do not suggest that the court has issued any Order regarding their request for production or interrogatories.

Accordingly, because Plaintiff did not fail to appear for his deposition pursuant to Rule 37(d) and because there exists no court order compelling discovery under Rule 37(a), Defendants' motion will be denied.

The accompanying Order shall issue today.

Dated: July 19, 2006         s/Robert B. Kugler
                             ROBERT B. KUGLER
                             United States District Judge