NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
RAYQUAN RAMONE BROWN,              :
:
         Plaintiff,    :  Civil No. 05-2824 (RBK)
:
    v.                             :  **OPINION**
:
GARY MERLINE, et al.,              :
:
         Defendants.   :
_____:

**KUGLER**, United States District Judge:

      This matter comes before the Court on the motion of Defendants J. Mascio, J. Sikora, D. Cohen, T. Moynihan, D. Ferrer, D. McNew, and P. Milliken (collectively, "Defendants") for summary judgment on Plaintiff Rayquan Ramone Brown's ("Plaintiff's") complaint. Plaintiff has not responded. Because Plaintiff has not complied with discovery orders or otherwise diligently pursued this case, the Court grants Defendants' motion.

**I.**     **BACKGROUND**

      The background of this case has been set forth previously. Plaintiff, formerly an inmate at Atlantic County Justice Facility, filed a complaint on June 2, 2005, alleging that his rights were violated when several prison guards assaulted him on March 20, 2005.

      Defendants sent Plaintiff interrogatories and requests for production of documents in September 2005. Defendants were granted permission to take Plaintiff's deposition and

attempted to do so on November 30, 2005.  Plaintiff's refusal to answer questions at this deposition was the subject of the Court's last ruling on summary judgment.  <u>Brown v. Merline</u>, No. 05-2824, 2006 WL 2038494 (D.N.J. June 19, 2006).  The Court denied Defendants' motion (construed as a motion to dismiss) based on Plaintiff's refusal to answer deposition questions, finding that Plaintiff had not failed to appear for his deposition and was not under a court order compelling discovery.  <u>Id.</u>  <u>See</u> Fed. R. Civ. P. 37.

After this ruling, Defendants moved to compel discovery, which Magistrate Judge Ann Marie Donio granted on September 11, 2006.  Plaintiff apparently did not respond to the previously propounded interrogatories and requests for documents.  Defendants did not attempt to take Plaintiff's deposition.  On October 19, 2006, Defendants again moved to dismiss Plaintiff's complaint,  which Judge Donio denied on March 12, 2007.  Judge Donio found that dismissal was not warranted at that time, and ordered:

> Plaintiff shall be entitled to one final opportunity to respond to the outstanding discovery requests.  Plaintiff's failure to respond to interrogatories and discovery requests by April 6, 2007, and/or failure to appear at a scheduled deposition, or failure to answer questions at such deposition without a proper assertion of privilege, may lead to the imposition of sanctions, including dismissal of Plaintiff's complaint.

Defendants reissued their interrogatories and requests for documents to Plaintiff on March 20, 2007.  Plaintiff has apparently failed to respond to these discovery requests, and Defendants now move for summary judgment.

## II. STANDARD OF REVIEW

Defendants' motion is styled as a motion for summary judgment; however, the Court will construe it as a motion to dismiss pursuant to Federal Rule of Civil Procedure 37.  Rule 37(b)(2)(c) provides that when a party fails to obey a discovery order, the court may "dismiss[ ]

the action or proceeding or any part thereof," and Rule 37(d) provides that if a party fails to appear for a deposition, serve answers or objections to interrogatories, or respond to requests for documents, "the court in which the action is pending on motion may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37. In contemplating an order of dismissal, courts in the Third Circuit must consider the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Under Poulis, the Court must evaluate: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Id. at 868. Each factor does not need to be met in order for dismissal to be warranted. Id.

### III.  ANALYSIS

Defendants did not attempt to reschedule Plaintiff's deposition. Having already ruled that Plaintiff's refusal to answer questions at his deposition on November 30, 2005 was not sufficient to warrant dismissal, the Court will not consider anything related to the deposition in deciding this motion. However, Judge Donio's March 20, 2007 order also mandated that Plaintiff respond to Defendants' other outstanding discovery requests. It is the failure to comply with these requests that the Court will view through the Poulis framework.

#### A.  Extent of Personal Responsibility

Because Plaintiff proceeds pro se, he bears full responsibility for any delay. Divito v. C.M.S. Dept., No. 05-438, 2006 WL 756014 (D.N.J. Mar. 17, 2006). This factor weighs in favor of dismissal.

### B. Prejudice

Defendants may have been hampered in their ability to defend this case because of Plaintiff's refusal to provide them with information, but it is unclear what information Plaintiff possesses with regard to this case that Defendants could not access through other means. See Scarborough v. Eubanks, 747 F.2d 871, 877 (3d Cir. 1984). Defendants are apparently already in possession of a video tape of the assault that forms the basis of Plaintiffs complaint. However, prejudice does include "include the burden that a party must bear when forced to file motions in response to the strategic discovery tactics of an adversary." Ware v. Rodale Press Inc., 322 F.3d 218, 223 (3d Cir. 2003). Defendants have filed a motion to compel and reissued their discovery requests at least once based on Plaintiff's failure to respond. This factor is neutral.

### C. History of Dilatoriness

Discovery requests were first served on Plaintiff in September 2005. Judge Donio ordered Plaintiff to comply with the discovery requests on September 11, 2006 and again instructed Plaintiff to comply on March 20, 2007. Plaintiff has failed to respond in any way. This factor weighs in favor of dismissal.

### D. Willfulness or Bad Faith

Plaintiff's failure to respond cannot be deemed accidental or a mistake. Though Plaintiff did not receive Judge Donio's March 12, 2007 order to comply with discovery requests at the address he had previously provided, that order was then forwarded to him at another location. It is unclear where Defendants' reissued discovery requests were mailed; however, it is Plaintiff's responsibility to notify the Court and his adversary of any address change. Additionally, the discovery requests at issue had been sent to Plaintiff in September 2005 as well, and Judge Donio ordered compliance with these requests in September 2006. This factor weighs in favor of

dismissal.

### E. Alternative Sanctions

Because Plaintiff proceeds in forma pauperis, monetary sanctions are inappropriate. See Emerson v. Thiel College, 396 F.3d 184, 191 (3rd Cir. 2002) ("no effective alternative sanctions to dismissal" where plaintiff proceeded in forma pauperis and assessment of attorneys' fees not a serious consideration). Judge Donio's order giving Plaintiff "one final opportunity" to respond to discovery requests specifically instructed Plaintiff that he risked dismissal of his complaint if he did not respond. This factor weighs in favor of dismissal.

### F. Meritoriousness

The Court allowed Plaintiff's complaint to survive sua sponte dismissal under 28 U.S.C. § 1915A. The allegations of the pleadings state a claim on which relief can be granted, and so this factor weighs against dismissal. See Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 695 (3d Cir. 1988).

## IV. CONCLUSION

The Poulis factors weighing in favor of dismissal strongly outbalance those weighing against. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Dismissal of Plaintiff's complaint is warranted for his failure to comply with court orders. The Court grants Defendants' motion, and Plaintiff's complaint will be dismissed with prejudice.

Dated:  10/26/2007                                        /s/ Robert B. Kugler
                                                                                         ROBERT B. KUGLER
                                                                                         United States District Judge